IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HAJJI Y. MCREYNOLDS,

                        Plaintiff,                        OPINION AND ORDER

    v.

                                                      24-cv-634-wmc

MATTHEW ROKUS,
ESTATE OF ERIC J. WAHL,
KERI S. OTTERSON, BENJAMIN PROCTOR,
PETER J. THOMPSON, JAN M. BETTHAUSER,
SARAH AHO, JON THEISEN, and
JUSTIN D. WOLFF,

                        Defendants.

      Plaintiff Hajji Y. McReynolds, also known as Hajji McReynolds-El, filed a complaint against the following defendants while he was incarcerated in the Eau Claire County Jail: Chief of Police Matthew Rokus; Estate of Circuit Judge Eric J. Wahl; Assistant District Attorney Keri S. Otterson; Circuit Judge Benjamin D. Proctor; Assistant Public Defender Peter J. Thompson; Court Reporter Jan M. Betthauser; Sex Offender Specialist Sarah Aho; Circuit Judge Jon Theisen; and Administrative Law Judge Justin D. Wolff. Plaintiff, who is representing himself, appears to allege that his rights were violated during his arrest by defendant Rokus in 2005, and criminal proceedings that resulted in a conviction. (Dkt. #1.) Subsequently, plaintiff filed an amended complaint naming the same defendants and alleging identical facts. (Dkt. #12.) He also filed motions to combine this case with another civil action, 24-cv-633-wmc, which concerns a different arrest in 2014, and for relief from the filing fee. (Dkts. #9, #14.) On September 5, 2025, plaintiff filed another motion to consolidate his cases, along with a motion to amend and proposed second amended complaint naming 25 defendants, but containing no factual allegations. (Dkts. ##24-25.)

      Because plaintiff is a prisoner who is proceeding without prepayment of the filing fee,

the court must screen his complaints and dismiss any portion that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The court must accept the complaint's allegations as true and construe them generously, holding the complaint to a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, plaintiff must still allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). For the reasons explained below, the court will deny plaintiff's motions and will dismiss plaintiff's complaints without prejudice.

OPINION

Plaintiff's primary allegation is that defendant Rokus, while a detective, arrested him in Eau Claire, Wisconsin, in March of 2005, without probable cause. Plaintiff contends that he was subsequently convicted of "sham" charges in Case No. 05CF215. Court records show that plaintiff was convicted of multiple counts of soliciting women to work as prostitutes and bail jumping in that case.[1] That conviction was affirmed on appeal. *State v. McReynolds*, 2008 WI App 148, 314 Wis. 2d 258, 757 N.W.2d 849 (Wis. App. Aug. 5, 2008), *review denied*, 2009 WI 5 (Nov. 17, 2008). His federal habeas corpus petition challenging that conviction was dismissed without prejudice as moot because he filed it after his 12-year sentence had been completed. *McReynolds v. Witt*, No. 23-cv-2708, 2023 WL 7222873 (D. Minn. Nov. 2, 2023). Alternatively, the petition was dismissed as untimely. *Id*.

Reasoning that the charges in Case No. 05CF215 were false, plaintiff separately

---

[1] Court records show that plaintiff, who is listed by the Wisconsin Department of Corrections as on active community supervision, is currently in custody on other charges, including Case Nos. 2025CF985, 24CF227, 22CF943, 22CF384, 21CF1126, and 20CF888. *See* Wisconsin Circuit Court Access website at: wcca.wicourts.gov (last accessed Sept. 30, 2025).

2

contends that pending charges for failure to register as a sex offender that were reportedly brought by defendant Aho, who works as a specialist for the Wisconsin Department of Corrections Sex Offender Registry, are likewise false. Plaintiff claims that these charges were used to wrongfully revoke his supervised release in Case No. 14CF872 in a proceeding before defendant Wolff.

Plaintiff appears to sue the defendants under 42 U.S.C. § 1983, which imposes liability on any "person" who, acting under color of state law, violates the Constitution or federal law. *Knowlton v. City of Wauwatosa*, 119 F.4th 507, 519 (7th Cir. 2024) (quoting 42 U.S.C. § 1983). Wisconsin law governs the statute of limitations for federal civil rights actions brought under § 1983. *Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018). For alleged constitutional injuries that occurred before April 5, 2018, the statute of limitations is six years, and for injuries that occurred after April 5, 2018, the statute of limitations is three years. *Id*. (citing Wis. Stat. § 893.53 (2016), amended by 2017 Wis. Act 235 (eff. Apr. 5, 2018)).

To the extent that plaintiff claims false arrest, the statute of limitations began to run at the time he was detained pursuant to legal process in 2005. *Wallace v. Kato*, 549 U.S. 384, 397 (2007). This lawsuit, filed by plaintiff in 2024, is well outside the applicable statute of limitations for events that occurred in 2005.

Plaintiff's remaining claims, which seek monetary damages against defendants who were involved in his criminal prosecution and conviction in 2005, are barred for other reasons. Judges are typically immune from a suit for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991). "[Judicial immunity] confers complete immunity from suit, not just a mere defense to liability[.]" *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005). Because plaintiff does not specifically identify any actions that would deprive defendants Wahl, Proctor, Theisen, or

3

Wolff of judicial immunity, his claims against these defendants must be dismissed.

Although court reporters, clerks, and other court personnel are not protected by absolute immunity, they may be entitled to quasi-judicial immunity if they were acting at the direction of a judge. *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436-38 (1993); *Schneider v. Cnty. of Will*, 366 F. App'x 683, 685 (7th Cir. 2010). Plaintiff does not allege any facts implicating defendant Betthauser in wrongdoing that would deprive her of quasi-judicial immunity for her role in transcribing his trial. Accordingly, the claims against her will be dismissed.

Prosecutors are also immune from liability for money damages under § 1983 for actions "within the scope of his prosecutorial duties" that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 420, 430 (1976). Because plaintiff does not identify any actions that would deprive defendant Otteson of immunity for her role in his criminal proceedings, the claims against her also must be dismissed.

It is also well-settled that defense attorneys, both those who are appointed and those who are privately retained, are not state actors as required by Section 1983. *See e.g., Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *McDonald v. White*, 465 F. Appx. 544, 548 (7th Cir. 2012). As a result, plaintiff cannot bring claims against defendant Thompson.

Plaintiff cannot otherwise bring claims for damages under § 1983 if judgment in his favor would "necessarily imply the invalidity of his conviction or sentence," unless he has first prevailed in a habeas corpus proceeding. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Court of Appeals for the Seventh Circuit has made clear that *Heck* bars § 1983 claims for damages challenging the revocation of probation and other criminal proceedings. *See Hatcher v. Saldana*, No. 21-3104, 2022 WL 17668178, at *1 (7th Cir. Dec. 14, 2022); *Williams v.*

4

*Wisconsin*, 336 F.3d 576, 579-80 (7th Cir. 2003) (applying *Heck* to fact, duration, and rules or conditions of probation and parole); *Moran v. Sondalle*, 218 F.3d 647, 650-51 (7th Cir. 2000). Because plaintiff has not alleged that he successfully obtained post-conviction relief by challenging the constitutionality of either his criminal conviction or any related revocation proceeding, *Heck* precludes him from pursuing damages for the circumstances surrounding those proceedings.

Finally, to the extent that plaintiff asks this court to order his pending prosecution for failure to register as a sex offender to "cease and desist," he does not allege facts showing that exceptional circumstances warrant intervention in his state court proceeding. *Younger v. Harris*, 401 U.S. 37, 44 (1971) (requiring abstention and dismissal of civil rights cases that implicate ongoing criminal prosecutions rather than intervene in state affairs).

Although plaintiff has submitted a second amended complaint naming 25 additional defendants, including Wisconsin Governor Tony Evers and Minnesota Governor Tim Walz, he includes no allegations that implicating them in his 2005 arrest, conviction, or related criminal proceedings. To the extent that plaintiff hints at a far-flung conspiracy, "a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304–05 (7th Cir. 2011). Plaintiff's sparse second amended complaint comes nowhere close, and will also be dismissed for failure to state a plausible claim pursuant to Federal Rule of Civil Procedure 8(a).

While the court of appeals has cautioned against dismissing complaints from unrepresented litigants without giving an opportunity to amend, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), dismissal of plaintiff's claims is appropriate because his allegations do not suggest that he can state a claim for relief in federal court. Because plaintiff

has submitted multiple complaints that fail to state a claim, this case will be dismissed without prejudice.

## ORDER

IT IS ORDERED that:

1) Plaintiff's complaints (dkts. #1, #12, #25) are DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2) All of plaintiff's motions (dkts. #9, #14, #21, #24) are DENIED.

3) The clerk's office is directed to close this case.

Entered this 30th day of September, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge